**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 6, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30319

ILLINOIS CENTRAL RAILROAD COMPANY,

Plaintiff-Appellee,

VERSUS

JAMES E. MAYEUX; ET AL.,

Defendants,

JAMES E. MAYEUX; BARBARA R. MAYEUX,

Defendants-Appellants.

JAMES E. MAYEUX and BARBARA RICHARD MAYEUX,

Plaintiffs-Appellants,

VERSUS

ILLINOIS CENTRAL RAILROAD,

Defendant-Appellee.

BARBARA RICHARD MAYEUX; ET AL.,

Plaintiffs,

BARBARA RICHARD MAYEUX; JAMES E. MAYEUX, JR.,

Plaintiffs-Appellants,

VERSUS

ILLINOIS CENTRAL RAILROAD COMPANY,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Middle District of Louisiana

(99-CV-678)

Before BENAVIDES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is the second appeal in this case. In the first appeal, we reversed the district court's partial summary judgment in favor of Illinois Central and remanded for trial upon a single issue of disputed fact regarding whether Illinois Central could prove that there was a public demand for its proposed expropriation.[1] On remand, the district court held a bench trial that included two full days of testimony in which numerous shippers presented evidence of their demand for the proposed railroad spur. Even the Mayeuxs' expert witness conceded that there was a public demand during his testimony. The district court decided that Illinois Central had proven the existence of the requisite public demand for this project.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Illinois Central v. Mayeux, 301 F.3d 359(5th Cir. 2002).

The Mayeuxs challenge the district court's decision on two grounds. First, the Mayeuxs claim that the district court deviated from this court's mandate when it limited its examination to whether Illinois Central had established a public demand for the railway service track. Second, the Mayeuxs argue that the district court used an outdated standard for determining whether such a public demand existed by relying on jurisprudence predating the 1974 revisions to the Louisiana state Constitution. We find that the district court faithfully followed our mandate, and we are precluded from reaching the Mayeuxs' second argument.

In the first decision on appeal, we recognized that the existence of a public demand for the railroad spur was a key aspect of the necessary purpose inquiry required for expropriation under Louisiana law.[2] While there are other factors that go into the consideration of whether a proposed expropriation meets a necessary purpose,[3] because the Mayeuxs had challenged only whether sufficient public demand supported the expropriation and had presented expert testimony that conflicted with the railroad's evidence on this point, we remanded the case to the district court to resolve that dispute.[4] Specifically, this court found that

---

[2] Id. at 367-68.

[3] See id.

[4] See id.

3

there was a genuine dispute as to but one issue of material fact, *i.e.* whether there was a public demand for the project, and therefore ordered the district court to try this single issue without further consideration of whether the other aspects of the necessary purpose inquiry, which had not been contested by the parties, had been met.[5] As the mandate has issued in this court's prior decision, any consideration of the finally adjudicated aspects of necessary purpose would be improper at this point.[6] Thus, the issue before this panel is whether the district court erred in finding that there was public demand for the expropriation.

After reviewing the record in this case, the briefs and oral argument of the parties, as well as the district court's reasons for its judgment, we conclude that the evidence fully supports the trial court's decision on the public demand issue and its judgment of expropriation. Accordingly, we affirm the district court's judgment in full.

**AFFIRMED**

---

[5]Id. at 368-69.

[6]Patterson v. Shumate, 504 U.S. 753, 112 S. Ct. 2242, 119 L. Ed. 2d. 519 (1992)(noting that one panel of the Fifth Circuit is bound by the precedent of previous panels absent an intervening Supreme Court or en banc decision); Martin v. Medtronic, Inc., 254 F.3d 573, 577 (5th Cir. 2001); United States v. Zuniga-Salinas, 945 F.2d 1302, 1306 (5th Cir. 2001).

4